Michael L. Rodenbaugh
California Bar No. 179059
Marie E. McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
Box 55819
San Francisco, CA  94104
(415) 738-8087

Attorneys for Danni Guo and Jiawei Lu

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNI GUO and JIAWEI LU,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>8BO.COM and Others,<br><br>　　　　Defendants.<br>_____ | Case No. 13-cv-05299 NC<br><br>**PLAINTIFFS' MOTION FOR WAIVER OF SERVICE BY POSTAL MAIL AND PUBLICATION, OR IN THE ALTERNATIVE FOR SERVICE BY PUBLICATION**<br><br>**Hon. Nathanael Cousins**<br><br>**Date: April 23, 2014<br>Time: 1:00 pm<br>Courtroom: A, 15th Floor** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, April 23, 2014, at 1:00 p.m. or as soon as the matter may be heard by the Magistrate Judge Nathanael Cousins in the above entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Danni Guo and Jaiwei Lu, ("Plaintiffs"), pursuant to 15 U.S.C § 1125(d)(2)(a)(II)(A) will move for an order waiving the requirement of service by postal mail and the discretionary possibility of service via publication, in relation to the domain name properties named as defendants in this action, namely 8bo.com, 5123.com, 16688.com, boti.com and huati.com

(collectively "Defendant Domains").

This motion is made on the following grounds: 1) that registrants of Defendant Domains have actual notice of the instant action by the so-called "Privacy Service" that they chose to employ; and 2) that service via postal mail and publication would be an unnecessary and redundant waste of time and resources. This motion is based upon this Notice, the supporting Declaration of Marie McCann and Exhibits thereto, the below Memorandum of Points and Authorities, and any further evidence and/or argument that may be presented at or before any hearing on this motion, if any.

There are no actual defendant persons or entities in this matter, only the Defendant Domain property is at issue. Therefore, Plaintiffs aver that the matter may be decided forthwith, without need of oral hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiffs Danni Guo and Jaiwei Lu ("Plaintiffs") brought this *in rem* action seeking relief pursuant to the Anti-cybersquatting Consumer Protection act ("ACPA") to recover possession of the domains names 8bo.com, 5123.com, 16688.com, boti.com and huati.com (collectively "Defendant Domains"), which were stolen from Plaintiffs' domain name registrar account. The new registrants of Defendant Domains subsequently employed a privacy service that not only conceals their true identity but also makes it literally impossible to deliver notice of the lawsuit via postal mail. Plaintiffs have notified the registrants of the Defendant Domains of the instant action by sending notice via the privacy service's online "Contact Domain Owner" form and by sending emails directly to the email address of the privacy service, which is listed in each of the Whois records as authoritative

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

2

contact information for the Defendant Domains.  Consequently, Plaintiffs respectfully ask the court to find that the registrant(s) of the Defendant Domains have actual notice of the lawsuit via email and submission of the "Contact Domain Owner" form, and to find that notification by postal mail and publication are unnecessary.

## II.  STATEMENT OF RELEVANT FACTS

On November 11, 2013, Plaintiffs filed this *in rem* action against the Defendant Domains, alleging violation of the ACPA, 15 U.S.C. § 1125(d).  (Docket, #1.)  The Complaint was amended on February 26, 2014, to dismiss any Doe Defendants and proceed solely *in rem*.  (Docket, #15.)  Defendant Domains, which are identical to Plaintiffs' United States trademarks, were stolen from Plaintiffs' domain name registrar account by unknown persons and transferred to other domain name registrars and out of Plaintiffs' control.  Plaintiffs have been unable to regain control of Defendant Domains despite diligent attempts to do so.  Verisign, the domain name registry for all Defendant Domains, has a major corporate office located in San Francisco, California, and has previously consented to the court's order to place Defendant Domain on 'registry lock' status during the pendency of this matter.  (Docket, #10.)

Plaintiffs have advised the registrants of the Defendant Domains of the pending action on multiple occasions.  To wit:

    **a.  Communications to the Registrants of 8bo.com, 5123.com, boti.com and huati.com.**

On December 19, 2013, Plaintiffs counsel emailed the domain name privacy service, privacyprotect.org (the "Privacy Service") at contact@privacyprotect.org, which was listed in the "registrant" section of the Whois record for four of the Defendant Domains –

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

3

8bo.com, 5123.com, boti.com and huati.com.  McCann Decl. ¶ 3, Exhibit A.  The emails notified the registrants of these Defendant Domains of the lawsuit, including a copy of the Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Order Directing Non-Party to Comply and Standing Orders.  McCann Decl. ¶ 3, Exhibit A.  (*See also,* Proof of Service by Email, Docket #11.)  Subsequently, on January 27, 2014, Plaintiffs' counsel uploaded the above listed documents to the Privacy Service's "Contact Domain Owner" online form for each of the Defendant Domains.  McCann Decl. ¶ 5.

### b. Communications to the Registrants of 16688.com

On December 19, 2013, a notice of the lawsuit, including the Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Order Directing Non-Party to Comply and Standing Orders were emailed directly to the listed registrant of the Defendant Domain 16688.com at smakeliao@foxmail.com.  McCann Decl. ¶ 4, Exhibit B.  (*See also,* Proof of Service by Email, Docket #11.)

As of February 28, 2014, the Whois record for Defendant Domain 16688.com has been updated to reflect contact information for the aforementioned Privacy Service in the registrant contact section.  McCann Decl., ¶ 6, Exhibit C.  Once Plaintiffs learned of this change, Plaintiffs' counsel emailed the Privacy Service, at the contact email address provided, the Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Order Directing Non-Party to Comply and Standing Orders.  McCann Decl., ¶ 6, Exhibit D.  Plaintiffs' counsel also uploaded the documents to the Privacy Service's "Contact Domain Owner" online form for the Defendant Domain 16688.com.  McCann Decl., ¶ 6.

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

4

      **c. The Domain Privacy Service, Privacyprotect.org**

Currently, all five Defendant Domains list the privacy service privacyprotect.org in the registrant section of their Whois records. The relevant registrant information is listed as follows:

>  Registrant Name: Domain Admin
>  Registrant Organization: Privacy Protection Service INC d/b/a PrivacyProtect.org
>  Registrant Street: C/O ID#10760, PO Box 16 Note - Visit PrivacyProtect.org to contact the domain owner/operator Note - Visit PrivacyProtect.org to contact the domain owner/operator
>  Registrant City: Nobby Beach
>  Registrant State/Province: Queensland
>  Registrant Postal Code: QLD 4218
>  Registrant Country: AU
>  Registrant Phone: +45.36946676
>  Registrant Phone Ext:
>  Registrant Fax:
>  Registrant Fax Ext:
>  Registrant Email: contact@privacyprotect.org

McCann Decl. ¶ 7, Exhibit E. The website for the Privacy Service prominently displays text that states, "We DO NOT accept Postal mails. All postal mails sent to our PO Box address are rejected. Please use the Contact Domain Owner form below to contact the domain name owner." McCann Decl. ¶ 8, Exhibit F.

**III. ARGUMENT**
    **a. Plaintiffs Request the Court Find that Registrants of Defendant Domains Have Actual Notice of the Lawsuit and that Service Via Postal Mail and Publication are Unnecessary**

Pursuant to the anti-cybersquatting provision of the ACPA "service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

5

the court may direct promptly after filing the action." *Facton Ltd. v. gstaronsale.com*, 2011 WL 4360113, *3 (E.D. Va. 2011). The relevant portion of the statute states:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C § 1125(d)(2)(A)(II). A copy of this Motion and Proposed Order also have been emailed to the registrants of the Defendant Domains at the Privacy Service, and have been uploaded by the Privacy Service "Contact Domain Owner" form. McCann Decl. ¶ 9.

### i. Registrants of Defendant Domains have Actual Notice of the Instant Action

In an attempt to comply with the statute, Plaintiffs have exercised reasonable diligence in providing registrants of Defendant Domains with notice of the instant action via the contact mechanisms that those registrants themselves chose to employ. Plaintiffs have not only emailed notice of the lawsuit, including the Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, Order Directing Non-Party to Comply and Standing Orders directly to the Privacy Service, but have also uploaded these same documents to the "Contact Domain Owner" form on the Privacy Service's website.

Registrants of Defendant Domains purposefully chose to employ a privacy protection service to conceal their identity, thus forcing anyone wishing to contact them to either email the Privacy Service directly or to submit their communication via the online form. In choosing this Privacy Service, registrants of Defendant Domains made it clear to

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

6

anyone wishing to communicate with them, including Plaintiffs, that their preferred method of communication is via the Privacy Service.  Since Plaintiffs have complied with the registrant's wishes with regard to communications, it can safely be assumed that the registrants of Defendant Domains have received actual notice of the lawsuit.

As Plaintiffs have provided actual notice of this proceeding to registrants of Defendant Domains by email and form submission to the Privacy Service, the only remaining issue before the court is whether Plaintiff also must serve notice of the action by postal mail pursuant to U.S.C § 1125(d)(2)(A)(II)(aa) and/or publication pursuant to U.S.C § 1125(d)(2)(A)(II)(bb).

### ii. Service by postal mail

Service by postal mail is not possible, and Plaintiffs have exercised reasonable diligence in effecting alternative service upon the registrants of Defendant Domains pursuant to U.S.C § 1125(d)(2)(A)(II)(aa), and pursuant to those registrants' wishes with respect to contact.  Plaintiffs have emailed a notice of the lawsuit and supporting documents, and this Motion and Proposed Order, to the Privacy Service and also uploaded such documents to the "Contact Domain Owner" online form available at the website of the Privacy Service. Moreover, the Privacy Service is very clear on its website that it will not accept any postal mail.  McCann Decl., Exh. #.  In fact, the Privacy Service even notes that all postal mail will be returned.  Plaintiffs are not aware of any other postal address where registrants of Defendant Domains can be contacted.  Therefore, attempting to notify the registrants of Defendant Domains of the instant action via postal mail is counter to their expressed wishes, and thus would constitute an empty gesture and a waste of money and time.

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

7

### i. Service by publication

Service by publication is discretionary per the statute, and unnecessary and/or impossible in this case as registrants of Defendant Domains already have notice of the lawsuit and have chosen to hide their whereabouts by employing a so-called Privacy Service. This court has previously noted that "the statute only calls for publication as the district court may direct, and courts sometimes waive this requirement where the registrant has had actual notice of the suit." *Con-Way Inc. v. CONWAYRACING.COM*, 2009 WL 2252128, *3 (N.D. Cal. 2009) (internal quotations omitted). *See also, e.g., Continental Airlines, Inc. v. continentalairlines.com*, 390 F. Supp. 2d 501, 505 (E.D. Va. 2005) (finding "[i]t is well-settled that the requirement of service by publication in ACPA *in rem* cases is at the discretion of the Court, and that waiver of the publication requirement is appropriate where the domain name registrant has actual notice of the action against his property."). The registrants of Defendant Domains have received actual notice of the instant action by both email and via the online form courtesy of the Privacy Service, per their own express wishes, rendering service by publication unnecessary and redundant. It also would be relatively expensive, and likely ineffective since registrants' whereabouts, by their own design, are unknown.

Therefore because Plaintiffs have provided registrants of Defendant Domains with actual service via email and submission of the online "Contact Domain Owner" form, Plaintiff respectfully requests that this court enter an order affirming that service by publication is not necessary pursuant to 15 U.S.C § 1125(d)(2)(A)(II)(bb) and that Plaintiff has already completed service via email and other electronic means.

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

8

### b. Alternatively, Plaintiff Requests an Order Directing Service by Publication and an Extension of Time to Perfect Service

Section 15 U.S.C § 1125(d)(2)(A)(II)(bb) permits the court to direct service by publication as it sees fit.  However, there has been little consistency among courts as to what is required to satisfy the discretionary publication element mentioned in the ACPA.  *OneNet USA, Inc. v. Play9d.com et al.*, 2013 WL 120319, *3 (N.D. Cal 2013).  It appears, however, that service by publication may be satisfied by publishing notice of the lawsuit in a newspaper where the domain name registry is located, even if the defendant is purportedly located abroad.  *See Id.*

Here, the domain name registry for all Defendant Domains, Verisign, is located in San Francisco, California.  Moreover, since the exact location of registrants is unknown and it is unclear as to whether there is one or many registrants, it would be more efficient to publish one notice in a central location.  Plaintiff therefore requests that the court issue an order directing Plaintiff to publish notice of the lawsuit in the San Francisco Recorder as soon as may be practical.  Additionally, Plaintiff requests an extension of time to complete service by publication, for thirty days from entry of any such order, if any.

### IV. CONCLUSION

Plaintiff has exercised reasonable diligence in complying with 15 U.S.C § 1125(d)(2)(A)(II) by sending notice of the lawsuit to the Privacy Service employed by the registrants of Defendant Domains and by submitting notice of the lawsuit via the online "Contact Domain Owner" form on the Privacy Service's website.  Such registrants expressly chose this method to receive communications with respect to the Defendant Domains, by employing this so-called Privacy Service.  Moreover, because registrants of Defendant

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

9

Domains have actual notice of the lawsuit and have demonstrated that their preferred method of communication is through the Privacy Service, requiring notice via publication is would be a waste of time and money.  Plaintiffs therefore respectfully request the court to deem service by email and the "Contact Domain Owner" form to have been effected already, thus satisfying the service requirements of the ACPA as to all Defendant Domains.  In the alternative Plaintiffs request an order directing service via publication in the San Francisco Recorder, and an extension of time to effect such service within 30 days of any such order.

RESPECTFULLY SUBMITTED,

DATED:  March 14, 2014                By: /s/ *Mike Rodenbaugh*
                                                         Mike Rodenbaugh, Esq.
                                                         RODENBAUGH LAW
                                                         584 Market Street
                                                         Box 55819
                                                         San Francisco, CA  94014
                                                         Tel/fax:  (415) 738-8087

                                                         Attorneys for Plaintiffs

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

10

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of this Motion, supporting Declaration of Marie McCann, and Proposed Order filed this date was delivered registrants of Defendant Domains via email at to counsel for Defendant via email at contact@privacyprotect.org and via the "Contact Domain Owner" form on the Privacy Service website.

Dated:         March 14, 2014                                                    RODENBAUGH LAW

                                                                                              By:  /s/ Marie E. McCann
                                                                                                     Marie McCann

PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

11