Michael L. Rodenbaugh
California Bar No. 179059
Marie E. McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
Box 55819
San Francisco, CA 94104
(415) 738-8087

Attorneys for Danni Guo and Jiawei Lu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNI GUO and JIAWEI LU,<br><br>Plaintiffs,<br><br>vs.<br><br>8BO.COM and Others,<br><br>Defendants. | Case No. 13-cv-05299 NC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFING TO MOTION FOR WAIVER OF SERVICE BY POSTAL MAIL AND PUBLICATION, OR IN THE ALTERNATIVE FOR SERVICE BY PUBLICATION**<br><br>Hon. Nathanael Cousins<br><br>Date: April 30, 2014<br>Time: 1:00 pm<br>Courtroom: A, 15th Floor |

At the behest of the Court, Plaintiffs hereby provide this supplemental briefing addressing whether service of process via alternative means is permitted under Federal Rule of Civil Procedure 4.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiffs Danni Guo and Jaiwei Lu ("Plaintiffs") brought this *in rem* action seeking relief pursuant to the Anti-cybersquatting Consumer Protection act ("ACPA") to recover possession of the domains names 8bo.com, 5123.com, 16688.com, boti.com and huati.com

SUPPLEMENTAL BRIEFING TO PLAINTIFF'S MOTION FOR
WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1

(collectively "Defendant Domains"), which were stolen from Plaintiffs' domain name registrar account. Plaintiffs respectfully ask the court to find that the registrant(s) of the Defendant Domains have actual notice of the lawsuit based on notifications of the lawsuit sent via email directly to their Privacy Service and submission of such notice via their service's "Contact Domain Owner" form.

## II. STATEMENT OF RELEVANT FACTS

On November 11, 2013, Plaintiffs filed this *in rem* action against the Defendant Domains, alleging violation of the ACPA, 15 U.S.C. § 1125(d). Defendant Domains correspond to Plaintiff's distinctive trademarks, and were stolen from Plaintiffs' domain registrar account. Docket #1. The new registrant(s) of Defendant Domains subsequently employed a privacy service (the "Privacy Service") that conceals their true identity and their location. *See* Docket #17 at ¶8. Plaintiffs have notified the registrant(s) of the Defendant Domains of the instant action by submitting notice via the Privacy Service's online "Contact Domain Owner" form and by sending emails directly to the email address of the Privacy Service, set forth in the Defendant Domains' WHOIS records. *See* Docket #17 at ¶¶3, 5-6. As set forth in the WHOIS records, the Privacy Service in Australia is the only available channel by which to communicate with the registrant(s) of Defendant Domains. *See* Docket #16 at p. 5.

## III. ARGUMENT

### a. Based on the Totality of the Circumstances, Service of Process Via Email and the Online "Contact Domain Owner Form" Will Adequately Apprise Registrants of Defendant Domains of the Instant Action and is Permissible Under FRCP 4.

The goal of Fed. R. Civ. Proc. 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *E.g., Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C.

SUPPLEMENTAL BRIEFING TO PLAINTIFF'S MOTION FOR
WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

2

Wright & A. Miller, Federal Practice and Procedure § 1061, at 216(2d ed. 1987)). Due Process requires that service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

To accommodate this flexible approach to service of notice, FRCP 4(f)(3)[1] requires only that alternative service is: "(1) directed by the court; and (2) not prohibited by international agreement." *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). Courts within the Ninth Circuit have allowed service by email as an alternative means when traditional methods failed and email appeared to either be a preferred method of communication for the defendant or was, under the circumstances, shown to be reasonably calculated to give actual notice to the defendant. *E.g., Aevoe Corp. v. Pace*, 2011 WL 3904133, *2 (N.D. Cal. 2011); *Balsam v. Angeles Technology Inc., et al.*, 2007 WL 2070297, *4 (N.D. Cal. 2007) (granting plaintiff's motion for service by email as an alternative method).

Numerous courts have found that service via alternative means, including email, is not prohibited by international agreement where defendants are located in countries that are signatories to the Hague Convention. *Williams-Sonoma Inc.,* 2007 WL 1140639, *2 (where defendants were located in countries that were signatories to the Hague convention plaintiff established that service by email was not prohibited); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, *2 (N.D. Cal. 2012) (plaintiff demonstrated that service via email was not prohibited by international agreement where defendants were located in countries that are "signatories to or bound to of the Hague Convention").

Here, the action is *in rem* against the Defendant Domain property. The FRCP 4 does

---

[1] Fed. Rule Civ. Proc 4(f) governs service of individuals in foreign countries: "Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States(.)"

SUPPLEMENTAL BRIEFING TO PLAINTIFF'S MOTION FOR
WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

3

not specifically address proper service in *in rem* actions, and thus the service provisions of the ACPA are perhaps more relevant. To the extent FRCP 4 requires notice to any persons in this case, which is debatable given the nature of the ACPA and its notice provisions, such notice should be calculated to reach the current registrant(s) of the Defendant Domain property. Given the fact that the registrant(s) of Defendant Domains voluntarily and affirmatively have restricted communication to two channels – emailing the Privacy Service directly and submitting notice via the "Contact Domain Owner" form – Plaintiffs have exercised reasonable diligence in notifying registrant(s) of the Defendant Domains of the lawsuit. Moreover, based on the circumstances, registrant(s) have made it clear by choosing a Privacy Service that masks their identity and restricts communication to email and the online form that their preferred method of communication is via these two mechanisms and only these two mechanisms. Therefore, service via email and the online form is reasonably calculated to provide registrant(s) of Defendant Domains with actual notice of the instant action.

Finally, because the registrants of Defendant Domains have chosen to employ a Privacy Service that conceals their true contact information, Plaintiffs have no way of ascertaining the exact location of the registrant(s). The only mechanism of communication is via the Privacy Service, which purportedly is located in Australia.[2] Plaintiffs assert that since the registrant(s) of Defendant Domains intentionally chose to restrict communication by employing this Privacy Service, it should be assumed, due to the general lack of information as to their whereabouts, that registrants are located in Australia for the purposes of service of process. Assuming the registrant(s) are located in Australia, which is bound by the Hague Convention on Service Abroad, service via email and the online form are not

---

[2] Australia is bound by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. *See* Hague Conf. on Private Int'l Law, Members, http://www.hcch.net/index_en.php?act=states.listing, last visited April 21, 2014.

SUPPLEMENTAL BRIEFING TO PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

4

prohibited by international agreement.

## IV. CONCLUSION

Plaintiffs have complied with FRCP 4 to the extent possible and appropriate in this *in rem* action, by exercising reasonable diligence in notifying the registrant(s) of Defendant Domains of the instant action. Plaintiffs have sent notice of the lawsuit directly to the Privacy Service employed by registrant(s) of Defendant Domains via email and also uploaded notice of the lawsuit via the online "Contact Domain Owner" form on the Privacy Service's website. The registrant(s), by employing the Privacy Service, have demonstrated that such channels are their preferred method by which to receive communication. Considering the totality of the circumstances, Plaintiffs have provided the registrant(s) of Defendant Domains with actual notice of the instant action and such alternative service is permitted under the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED,

DATED: April 24, 2014         By: /s/ *Mike Rodenbaugh*
                              Mike Rodenbaugh, Esq.
                              RODENBAUGH LAW
                              584 Market Street
                              Box 55819
                              San Francisco, CA  94014
                              Tel/fax:  (415) 738-8087

                              Attorneys for Plaintiffs

SUPPLEMENTAL BRIEFING TO PLAINTIFF'S MOTION FOR WAIVER OF SERVICE
Case No. 13-cv-05299 NC

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

5

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of this supplemental briefing filed this date was delivered registrants of Defendant Domains via email at to counsel for Defendant via email at contact@privacyprotect.org and via the "Contact Domain Owner" form on the Privacy Service website.

Dated: April 24, 2014      RODENBAUGH LAW

By: /s/ Marie E. McCann
Marie E. McCann

SUPPLEMENTAL BRIEFING TO PLAINTIFF'S MOTION FOR
WAIVER OF SERVICE
Case No. 13-cv-05299 NC

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

6