# UNITED STATES DISTRICT COURT
# николаNORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNI GUO and JIAWEI LU,<br><br>Plaintiffs,<br><br>v.<br><br>8BO.COM, 5123.COM, 16688.COM, BOTI.COM, and HUATI.COM,<br><br>Defendants. | Case No. 13-cv-05299 NC<br><br>**ORDER DENYING MOTION TO WAIVE SERVICE BY POSTAL MAIL AND PUBLICATION**<br><br>Re: Dkt. No. 16 |

Plaintiffs Danni Guo and Jiawei Lu seek to recover ownership of the domain names 8bo.com, 5123.com, 16688.com, boti.com, and huati.com through this in rem action brought under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Plaintiffs now move to waive the ACPA's statutory requirements for service by postal mail and publication. 15 U.S.C. § 1125(d)(2)(B). The question presented is whether the ACPA's service requirements may be waived.

Because the ACPA's language is not discretionary, the Court finds that it may not waive the service by postal mail requirement. Further, the Court concludes that even assuming it may waive the publication requirement, plaintiffs have not shown that the potential individual defendants have actual notice of the suit. Therefore, the Court denies plaintiffs' motion to waive service by postal mail and publication.

## BACKGROUND

Plaintiffs allege that the five domains listed as in rem defendants were stolen from plaintiffs' domain name registrar by unknown persons who then transferred the domains to other registrars. *See* Dkt. No. 15 at ¶ 12. Plaintiffs claim to own USPTO trademark registrations corresponding to the domains 5123.com, huati.com, and boti.com, and claim to have USPTO trademark applications pending for 8bo.com and 16688.com. *Id.* at ¶¶ 10, 16. Plaintiffs previously used the listed domains to direct internet users to Chinese-language websites that display news and other current event information. *Id.* at ¶ 9. Plaintiffs allege the registry for the domains is VeriSign, Inc., which is located within this judicial district. *Id.* at ¶ 7.

Plaintiffs note that each domain currently uses a privacy service, privacyprotect.org ("the privacy service"), as an intermediate registrant service. The current WHOIS registrant information for each domain lists the privacy service's contact information:

> **Registrant Organization**: Privacy Protection Service INC d/b/a PrivacyProtect.org
> **Registrant Address**: C/O ID #10760, PO Box 16
> Nobby Beach, Queensland,
> QLD 4218, AU
> **Registrant Email**: contact@privacyprotect.org

Dkt. No. 16-1 at 9, 15. Additional text within the registrant address field states that a person should visit the privacy service's website if wanting to contact the domain owner or operator. *See* Dkt. No. 16-1 at 9, 15. Visiting the website reveals the following: (1) the privacy service does not accept postal mail and any documents sent to the PO Box listed as its address will be rejected; (2) instead, persons are directed to use the privacy service's "contact domain owner" form to contact the "real owner" of the domain name; and (3) if a domain is engaged in unlawful activity, a person may report this to the privacy service using the "report abuse" form. The privacy service's abuse team will then "review the complaint and reveal the actual contact information of the owner [of the domain] where appropriate." Dkt. No. 16 at Ex. F; http://privacyprotect.org.

On December 19, 2013, plaintiffs' counsel emailed notice of the lawsuit, including copies of the complaint, to the registrant email address listed in the WHOIS record of each individual domain. Dkt. No. 16 at 3-4. Subsequently, plaintiffs' counsel uploaded the same notice and documents into the privacy service's "contact domain owner" form. Dkt. No. 16 at 3-4.

Plaintiffs have consented to the jurisdiction of this Court in accordance with 28 U.S.C. § 636(c). Dkt. No. 12. Defendants have not appeared in the action and have not consented to a magistrate judge.

## LEGAL STANDARD

Generally, service on an individual in a foreign country is governed by Federal Rule of Civil Procedure 4(f). Rule 4(f) restricts the manner of service to those not prohibited by international agreement. *See* Fed. R. Civ. P. 4(f)(1)-(3). But federal law can provide alternative requirements for service in a foreign country. *See* Fed. R. Civ. P. 4(f) ("Unless federal law provides otherwise . . . .")

Title 15 U.S.C. § 1125(d)(2)(A) permits the owner of a valid trademark to file an in rem civil action upon a court finding that the owner exercised due diligence in attempting to find a person who would qualify as an individual defendant. Under the statute, due diligence is satisfied by the plaintiff "sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and publishing notice of the action as the court may direct promptly after filing the action." 15 U.S.C. § 1125(d)(2)(A)(II). These actions also constitute service of process. 15 U.S.C. § 1125(d)(2)(B).

## DISCUSSION

The ACPA provides a federal statutory alternative to the normal service requirements of Federal Rule of Civil Procedure 4(f). *See* 15 U.S.C. § 1125(d)(2)(A)-(B). Therefore, the Court does not analyze the propriety of service under Rule 4(f), but instead considers the propriety of service under the ACPA. *See, e.g.*, *Dynamis, Inc. v. Dynamis.com*, 780 F. Supp. 2d. 465 (E.D. Va. 2011) (analyzing service on a foreign

defendant under the ACPA).

Here, plaintiffs argue that they have complied with the ACPA service requirements by sending notice to the registrant email addresses listed on the WHOIS records for the domains in question. Dkt. No. 22 at 2; *see* Dkt. No. 16-1 at 9, 15. But compliance with the statutory provisions of the ACPA requires more: to satisfy the service requirement, the plaintiffs must also send notice to the listed registrant postal address and publish notice of the action as this Court may direct. 15 U.S.C § 1125(d)(2)(A)(ii)(aa)-(bb).

Plaintiffs request that the Court waive the ACPA requirement that notice be sent by mail to the registrant's address. They argue that requiring service in this manner would be futile because the privacy service does not accept postal mail and any documents sent to the PO Box listed as its address will be rejected. *See* Dkt. No. 16 at 7. Although the Court is inclined to agree with plaintiffs on the likely effectiveness of service by postal mail, plaintiffs do not provide the Court with any case law to support their contention that it may waive the statutory requirement.

The plain text of the ACPA requires a plaintiff to serve a defendant by sending notice by postal mail to the address provided by the registrant to the registrar. 15 U.S.C. § 125(d)(2)(A)(ii)(aa). The meaning is unambiguous and therefore the Court concludes that service by mail is a non-waivable requirement for bringing suit under the ACPA. *See Desert Palace Inc. v. Costa*, 539 U.S. 90, 98 (2003) ("[T]he starting point for our analysis is the statutory text. And where, as here, the words of the statute are unambiguous, the judicial inquiry is complete.") (internal citation and quotation marks omitted). To comply with the service requirements of the ACPA, plaintiffs must send notice to the registrant address listed in the WHOIS registry for each domain.

The statutory text requiring service by publication is less clear, and plaintiffs identify a number of cases in which the court interpreted "as the court may direct" to permit a waiver of the publication requirement. 15 U.S.C § 1125(d)(2)(A)(ii)(bb); *see e.g.*, *Con-Way Inc. v. CONWAYRACING.COM*, No. 08-cv-04263 SC, 2009 WL 2252128, at *3 (N.D. Cal. July 28, 2009) (finding that publication would be wasteful and unnecessary under the

Case No. 13-cv-05299 NC
ORDER DENYING MOTION
TO WAIVE SERVICE

4

factual circumstances, when defendants had actual notice of the suit); *Continental Airlines, Inc, v. continentalairlines.com*, 390 F. Supp. 2d 501, 505 (E.D. Va. 2005) (finding that waiver is appropriate where the domain name registrant has actual notice of the action); *but see OnNet USA, Inc., v. Play9d.com*, No. 12-cv-06282 LB, 2013 WL 120319, at *4 (N.D. Cal. Jan. 8, 2013) (directing plaintiffs to publish notice for four weeks in an Australian newspaper, when there was no showing that defendants had actual knowledge of the in rem action). But even assuming that the Court agreed it may waive the statutory publication requirement, the cases that plaintiffs identify differ from the one before this Court. Where courts have granted waivers of the publication requirement, they have done so only after finding that the defendants had actual knowledge of the action against them. *See, e.g.*, *Continental Airlines*, 390 F. Supp. 2d at 505. Here, the Court is not persuaded that the unknown individual defendants have actual knowledge of the action, and thus will not waive a statutory requirement designed to increase the likelihood that the defendants will acquire actual knowledge of the suit. *See Shaffer v. Heitner*, 433 U.S. 186, 217-18 (1977) ("Throughout our history the acceptable exercise of in rem and quasi in rem jurisdiction has included a procedure giving reasonable assurance that actual notice of the particular claim will be conveyed to the defendant."). Therefore, the Court declines to waive the publication requirements in the ACPA.

## CONCLUSION

Accordingly, the Court denies plaintiffs' motion for waiver of service by postal mail and by publication. The Court orders plaintiffs to submit proof of mailing, as well as a proposed order setting forth a procedure for publication consistent with that ordered in *OnNet USA, Inc. v. Play9D.com*, 2013 WL 120319, at *4, within fourteen days of this order.

IT IS SO ORDERED.

Date: June 6, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge