UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANNI GUO, *et al.*,

Plaintiffs,

v.

8BO.COM, *et al.*,

Defendants.
_____/

No. C-13-5299 EMC

**ORDER RE SERVICE OF PROCESS, PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, AND OBJECTIONS TO REPORT AND RECOMMENDATION**

**(Docket Nos. 47, 53)**

Currently pending before the Court is Judge Cousins's report and recommendation on Plaintiffs' motion for default judgment. Based on the docket, it appears that Plaintiffs' complaint was served on Defendants – more specifically, the registrant listed in the WHOIS registry for each domain (by e-mail[1] as well as mail and publication as ordered by Judge Cousins) – but Plaintiffs' motion for entry of default, Plaintiffs' motion for default judgment, and Judge Cousins's report and recommendation were not.

Out of an abundance of caution, the Court concludes that, before it rules on the motion for default judgment and Judge Cousins's report and recommendation, the registrant listed in the WHOIS registry for each domain (which appeared to be Privacy Protection or PrivacyProtect.org at the time the motion for default judgment was filed) shall be given e-mail and mail notice of Plaintiffs' motion for entry of default, Plaintiffs' motion for default judgment, Judge Cousins's

---

[1] E-mail service on 16688.com was given to smakeliao@foxmail.com. *See* Docket No. 11 (proof of service). However, based on the evidence submitted by Plaintiffs in conjunction with their motion for default judgment, e-mail service should have been given to chanl33999@163.com. *See* Docket No. 48 (Lu Decl. ¶ 9); Docket No. 49, at 99 (Lu Decl., Ex. E).

report and recommendation, and this order itself. In addition, the same documents shall be e-mailed to smakeliao@foxmail.com and chanlee999@163.com as these e-mail addresses appeared at some point in the WHOIS registry as part of the transfer of the domains away from Plaintiffs. E-mail service on chanlee999@163.com shall also include service of the complaint because of the possible defect identified in note 1, *supra*.

Plaintiffs shall effect service in accordance with the above **within a week of the date of this order**. Plaintiffs shall file a proof of service.

**Within three weeks of the date of this order**, Plaintiffs shall file a statement as to whether they have since had any communication with any person or entity purporting to own the domains, or any person or entity purporting to act on behalf of the alleged owners.

**Within three weeks of the date of this order**, Defendants or any other person or entity purporting to own the domains shall file an opposition to Plaintiffs' motion for default judgment and file objections to Judge Cousins's report and recommendation.

**Defendants and any other person or entity purporting to own the domains are hereby forewarned that they risk entry of a judgment against them and in Plaintiffs' favor if they do not make an appearance in this case and defend the case on the merits.**

IT IS SO ORDERED.

Dated: August 17, 2015

_____
EDWARD M. CHEN
United States District Judge